**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000351**
**04-APR-2019**
**07:59 AM**

NO. CAAP-17-0000351

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
GAREN B. WINHAM, also known as GAREN B.M. WINHAM,
GAREN B. WINWARD, GAREN BERNICE MAILE WINHAM,
Defendant-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 16-1-1356)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Plaintiff-Appellant State of Hawai'i (State) appeals from the "Findings of Fact [(FOF)], Conclusions of Law [(COL)] and Order Granting Defendant's Motion to Dismiss/Strike Second Offense Criminal DUI Charge from Count I of the Complaint Filed August 22, 2016, Filed on January 9, 2017," filed March 17, 2017, (Order) in the Circuit Court of the First Circuit (circuit court).[1]

On July 29, 2016, State charged Defendant-Appellee Garen B. Winham (Winham) in the District Court of the First Circuit (district court) with, *inter alia,* Count I, Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2016)

---

[1] The Honorable Christine E. Kuriyama presided.

and/or (a)(3) (Supp. 2016) with additional sentencing under HRS § 291E-61(b)(2) (Supp. 2016) "where the instant offense was committed within five years of a prior conviction for an offense under Section 291E-61 or Section 291E-4(a) of the Hawaii Revised Statutes." On August 16, 2016, the case was committed to the circuit court for a jury trial.

On January 9, 2017, prior to trial, Winham filed Defendant's Motion to Dismiss/Strike Second Offense Criminal DUI Charge from Count 1 of the Complaint (Motion to Dismiss), requesting the circuit court dismiss the second offense language from Count I because her prior OVUII conviction was not a "final, valid conviction" on the date of the instant OVUII offense. Specifically, Winham argued that her earlier OVUII conviction was not a "prior conviction" because at the time of the instant OVUII offense, the district court had only entered a partial sentence, not a valid, final judgment, for the prior offense. Winham argued that the district court did not enter the full sentence and final judgment of conviction for the purposes of HRS § 291E-61(b)(2) until after Winham's second OVUII incident. On March 17, 2017, the circuit court entered its Order granting Winham's Motion to Dismiss on this basis and the State timely appealed.

On appeal, the State raises a single point of error challenging the circuit court's COL 4-15 in the Order. The State contends that the circuit court erred in concluding that the district court's judgment of guilt and partial sentencing in Winham's prior OVUII case did not become a "prior conviction" for the purposes of HRS § 291E-61(b)(2) until the district court completed sentencing.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the State's point of error as follows.

On appeal,

> [t]his court reviews the trial court's COLs *de novo*. A COL is not binding upon an appellate court and is freely reviewable for its correctness. Moreover, a COL that is

> supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned.

Bhakta v. Cty. of Maui, 109 Hawai'i 198, 208, 124 P.3d 943, 953 (2005) (internal citations, brackets, and quotation marks omitted).

Further, "[t]he interpretation of a statute is a question of law reviewable *de novo*." State v. Arceo, 84 Hawai'i 1, 10, 928 P.2d 843, 852 (1996) (internal quotation marks and citation omitted).

> This court's construction of statutes is guided by established rules:
>
>> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.
>
> When there is ambiguity in a statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning. Moreover, the courts may resort to extrinsic aids in determining legislative intent, such as legislative history, or the reason and spirit of the law.

State v. Wheeler, 121 Hawai'i 383, 390, 219 P.3d 1170, 1177 (2009) (block quotation format altered) (internal quotation marks and citation omitted).

> The Supreme Court of Hawai'i has held that:
>
>> the plain language rule of statutory construction[ ] does not preclude an examination of sources other than the language of the statute itself even when the language appears clear upon perfunctory review. Were this not the case, a court may be unable to adequately discern the underlying policy which the legislature seeks to promulgate and, thus, would be unable to determine if a literal construction would produce an absurd or unjust result, inconsistent with the policies of the statute.

Bragg v. State Farm Mut. Auto. Ins. Co., 81 Hawai'i 302, 306, 916 P.2d 1203, 1207 (1996) (quoting Sato v. Tawata, 79 Hawai'i 14, 17, 897 P.2d 941, 944 (1995)). Accordingly, we must read statutory language in the context of the entire statute and

construe it in a manner consistent with its purpose. <u>State v. Toyomura</u>, 80 Hawai'i 8, 18-19, 904 P.2d 893, 903-04 (1995).

This case turns on the definition of "prior conviction" in HRS § 291E-61(g) which we review *de novo*. The relevant sections of HRS § 291E-61 state:

> (b) <u>A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence as follows:</u>
>
> . . .
>
> (2)  <u>For an offense that occurs within five years of a prior conviction for an offense under this section or section 291E-4(a)</u>:
>
>     (A)  Revocation for not less than eighteen months nor more than two years of license and privilege to operate a vehicle during the revocation period and installation during the revocation period of an ignition interlock device on any vehicle operated by the person;
>
>     (B)  Either one of the following:
>
>         (i)  Not less than two hundred forty hours of community service work; or
>
>         (ii)  Not less than five days but not more than thirty days of imprisonment, of which at least forty-eight hours shall be served consecutively;
>
>     (C)  A fine of not less than $500 but not more than $1,500;
>
>     (D)  A surcharge of $25 to be deposited into the neurotrauma special fund; and
>
>     (E)  A surcharge of up to $50 if the court so orders, to be deposited into the trauma system special fund;
>
> . . . .
>
> (g)  <u>Notwithstanding any other law to the contrary</u>, any:
>
> (1)  Conviction under this section, section 291E-4(a), or section 291E-61.5;
>
> (2)  Conviction in any other state or federal jurisdiction for an offense that is comparable to operating or being in physical control of a vehicle while having either an unlawful alcohol concentration or an unlawful drug content in the blood or urine or while under the influence of an intoxicant or habitually operating a vehicle under the influence of an intoxicant; or
>
> (3)  Adjudication of a minor for a law violation that, if committed by an adult, would constitute a violation of this section or an offense under section 291E-4(a), or section 291E-61.5,
>
> shall be considered a prior conviction for the purposes of imposing sentence under this section. <u>Any judgment on a verdict or a finding of guilty, a plea of guilty or nolo contendere, or an adjudication, in the case of a minor, that at the time of the offense has not been expunged by pardon, reversed, or set aside shall be deemed a prior conviction under this section.</u>

(Emphases added).

The definition of "prior conviction" provided in HRS § 291E-61(g),

> [a]ny judgment on a verdict or a finding of guilty, a plea of guilty or nolo contendere, or an adjudication, in the case of a minor, that at the time of the offense has not been expunged by pardon, reversed, or set aside shall be deemed a prior conviction under this section[,]

(emphasis added) expands the definition of "conviction" previously used by the Hawaiʻi Supreme Court when interpreting the predecessor statute to HRS § 291E-61(g):

> [t]he final judgment on a verdict or finding of guilty, a plea of guilty, or a plea of nolo contendere, but does not include a final judgment which has been expunged by pardon, reversed, set aside, or otherwise rendered nugatory.

State v. Shimabukuro, 100 Hawaiʻi 324, 326, 60 P.3d 274, 276 (2002) (emphasis added) (quoting Black's Law Dictionary 333-34 (6th ed. 1990) (1990 Black's Law Definition)). Thus, on a plain language reading of the statute, countable judgments are no longer limited to "final" judgments; and the only types of judgments that may not be counted for purposes of imposing enhanced sentencing for prior convictions are those judgments that, at the time of the offense, have been expunged by pardon, reversed, or set aside.

The legislature's intent to expand Shimabukuro's definition of "conviction" (which was based on the 1990 Black's Law Definition) in creating the modern statute is apparent and a critical factor that distinguishes our interpretation of HRS § 291E-61(g) from that reached by the circuit court in this case. The circuit court's analysis relied on more recent versions of Black's Law Dictionary to redefine the terms contained in HRS § 291E-61(g) contrary to the plain meaning of the statutory definition and its manifest purpose as intended by the legislature.

Tracing the provenance of the modern amended statutory definition is instructive. In 1985, the Hawaiʻi Supreme Court first addressed the definition of "conviction" in criminal statutes that lacked a specific definition of the term, holding generally that "[t]he meaning of the term 'convicted' or 'conviction' varies according to the context in which it appears and the purpose to which it relates." State v. Akana, 68 Haw. 164, 167, 706 P.2d 1300, 1303 (1985).

In 2002, in <u>Shimabukuro</u>, the Hawai'i Supreme Court cited the 1990 Black's Law Definition for the definition of conviction, stating that:

> [g]enerally, a conviction is defined as "[t]he final judgment on a verdict or finding of guilty, a plea of guilty, or a plea of nolo contendere, but does not include a final judgment which has been expunged by pardon, reversed, set aside, or otherwise rendered nugatory."

<u>Shimabukuro</u>, 100 Hawai'i at 326, 60 P.3d at 276. The supreme court also echoed its previous recognition of the difference between the common and technical definitions of the term and held that, in the predecessor statute to HRS § 291E-61, "convicted" meant a "prior valid DUI conviction." <u>Id.</u> at 326-27, 60 P.3d at 276-77 (quoting <u>Akana</u>, 68 Haw. at 166-67, 706 P.2d at 1303).

In 2003, after the decision in <u>Shimabukuro</u>, the Hawaii State Legislature amended HRS chapter 291E to establish the language in the modern statute by adding an explicit, expanded definition of "prior conviction" (now HRS § 291E-61(g)). 2003 Haw. Sess. Laws Act 71, §§ 1, 3 at 123-26 (Act 71).

This expansion was acknowledged by the Supreme Court of Hawai'i later in 2003 when it distinguished the divided court's holding in <u>Shimabukuro</u> that a conviction must be "valid" to count for purposes of the predecessor statute to HRS § 291E-61. <u>State v. Veikoso</u>, 102 Hawai'i 219, 222, 74 P.3d 575, 578 (2003).[2] Relying on the general definition of "conviction" in Black's Law Dictionary (and noting the soon to be in force definition of HRS § 291E-61(g)), <u>id.</u> at 220 n.2, 74 P.3d at 576 n.2, <u>Veikoso</u> expanded the definition of "conviction," as used in the predecessor statute to HRS § 291E-61, holding that:

> the term "conviction," as used in HRS § 291-4.4, means any judgment or plea that has not been expunged by pardon, reversed, or set aside at the time a defendant is found guilty of the habitual DUI charge.

<u>Id.</u> at 223, 74 P.3d at 579 (citing Black's Law Dictionary, 333-34

---

[2] <u>Shimabukuro</u> is the only legal authority Winham provides on appeal in support of her interpretation of HRS § 291E-61(g). As discussed, <u>Shimabukuro</u> is inapposite because it interprets an extinct version of HRS § 291E-61 that lacks an explicit definition of a "prior conviction," and because <u>Shimabukuro</u> was distinguished on this issue by <u>Veikoso</u>.

(6th ed. 1990)).

The operative difference between the <u>Shimabukuro</u> and <u>Veikoso</u> definitions is the modern statute's replacement of the word "final" with the word "any" with regards to the types of judgments that count for a showing of prior convictions.

The legislature is presumed to know the law when it enacts statutes, including decisions by the Supreme Court of Hawaiʻi and any definitions the court has assigned to particular words. <u>See</u> <u>Peer News LLC v. City & Cty. of Honolulu</u>, 138 Hawaiʻi 53, 69 376 P.3d 1, 17 (2016) (citations omitted). Here, the legislature in HRS § 291E-61(g) explicitly removed the requirement that a prior conviction stem from a "final" judgment.

This reading of HRS § 291E-61(g) is supported by the floor testimony and committee reports which reflect the legislature's intent to make habitually operating a vehicle under the influence of an intoxicant a status offense that applies as widely as possible.

The Senate Standing Committee Report states:

> The purpose of this measure is to establish a status offense of habitually operating a vehicle under the influence of an intoxicant
>
> . . . .
>
> Your Committee finds that being punished as a status offender rather than receiving an enhanced sentence has distinct implications. Status offenders receive a specific punishment as long as the offender meets the criteria at the time the offender reoffends. The offender cannot defeat the charge by having a previous conviction reversed on a subsequent appeal. By contrast, enhanced sentences can be avoided if any prior convictions that are the basis for an enhanced sentence are overturned.
>
> Your Committee believes it is important that the habitually impaired driver understand that he or she will be charged with a felony for any further impaired driving arrests, even if one of their prior convictions is reversed after their arrest.

S. Stand. Comm. Rep. No. 1268, in 2003 Senate Journal, at 1564.[3]

---

[3] Act 71, which amended HRS chapter 291E to create the modern language in HRS § 291E-61 and -61.5, was composed of House Bill 807 and its companion Senate Bill 1105. Several Senate amendments to other provisions of HRS § 291E were rejected by the Conference Committee, however, the portions of the bill related to the new offense of habitually operating a vehicle under the influence of an intoxicant were substantively identical to those in the final version. <u>See</u> S. Stand. Comm. Rep. No. 1268, in 2003 Senate Journal, at 1564; Conf. Comm. Rep. No. 18, in 2003 House Journal, at 1706-07, 2003 Senate Journal, at 953-54.

Further, the Conference Committee Report reflects:

> The purpose of this bill is to increase public safety on our roadways by:
> (1) Establishing the status offense of "habitually operating a vehicle while under the influence of an intoxicant";
> . . . .
> Your Committee on Conference finds that a habitually-impaired driver poses a risk while operating a motor vehicle. Charging a habitually-impaired driver with a felony offense will serve to deter persons from driving while intoxicated.

Conf. Comm. Rep. No. 18, in 2003 House Journal, at 1706-07, 2003 Senate Journal, at 953-54.

In the committee reports, the legislature states its intention to deter habitually-impaired drivers via the "distinct implications" of a status offense. The legislature was concerned that drivers could defeat a charge of habitually driving under the influence, or reduce any enhanced sentencing, by having a previous conviction reversed on a later appeal. Accordingly, the legislature wanted a statutory scheme wherein a successful charge of habitually-impaired driving requires only a count of the number of prior convictions at the time of the arrest. The legislature accomplished this by creating a status offense which merely counts the number of currently valid judgments of guilt at the time of sentencing.

Here, on June 22, 2016, the district court filed its "Notice of Entry of Judgment and/or Order and Plea/Judgment" (6/22/2016 Judgment) after it found Winham guilty of a previous OVUII offense in violation of HRS § 291E-61 which occurred on January 30, 2016. The 6/22/2016 Judgment sentenced Winham to pay a $150 fine, $212 in additional fines and fees, substance abuse assessment and treatment, and complete a minimum of 14 hours of AARP driver education. Because Winham's driver's license was the subject of an administrative hearing on its potential revocation, the judge ordered further sentencing to occur on August 15, 2016, regarding the disposition of Winham's driver's license.

On July 4, 2016, Winham was again stopped for OVUII and charged in the instant case on July 29, 2016, prior to returning to court for the completion of her sentencing for her prior OVUII

offense on August 15, 2016, as ordered in the 6/22/2016 Judgment.

At the time of the July 4, 2016 incident, the district court had already filed its 6/22/2016 Judgment finding Winham guilty of OVUII in violation of HRS § 291E-61 for the January 30, 2016 incident. At the time of the July 4, 2016 incident, the 6/22/2016 Judgment had not been expunged by pardon, reversed, or set aside. Regardless of the 6/22/2016 Judgment's disposition of sentencing issues, or lack of status as a final appealable judgment, the 6/22/2016 Judgment was clearly a judgment on "a finding of guilty" as required to trigger a status offense under HRS § 291E-61(b)(2).

Based on the foregoing, we vacate the "Findings of Fact, Conclusions of Law and Order Granting Defendant's Motion to Dismiss/Strike Second Offense Criminal DUI Charge from Count I of the Complaint Filed August 22, 2016, Filed on January 9, 2017," filed March 17, 2017, in the Circuit Court of the First Circuit and remand this case for trial to allow the State to prove OVUII as a second offense.

DATED: Honolulu, Hawai'i, April 4, 2019.

On the briefs:

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant.

Christopher R. Evans
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

9